**BECKER LLC**
Michael E. Holzapfel, Esq. (031022002)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 251-8943
Attorneys for Defendants

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAHUL SHAH, M.D., on assignment of Sheila H., | : Civil Case No.: |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| BLUE CROSS BLUE SHIELD OF MICHIGAN and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | : **NOTICE OF REMOVAL** |
|  | : |
| Defendants. | : |

**PLEASE TAKE NOTICE** that Defendants Blue Cross Blue Shield of Michigan ("BCBSM") and Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), by their undersigned counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a) & (c), and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Law Division, Cumberland County, Docket Number CUM-L-861-16, where it is now pending, to the United States District Court for the District of New Jersey. Defendants state as follows:

1.     Plaintiff, a healthcare provider on alleged assignment of Sheila H. ("Participant"), brings this action to recover sums allegedly due under a health benefit plan purportedly issued or administered by Defendants. *Complaint*, ¶¶ 1-4.   Plaintiff commenced this action by filing a complaint against Defendants in the Superior Court of New Jersey, Law Division, Cumberland County on or about December 16, 2016.  A true and accurate copy of the complaint is attached hereto as Exhibit A.

2.     Plaintiff asserts derivative standing to prosecute this lawsuit as a participant or beneficiary under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.  Complaint*, ¶ 7.

3.     According to the complaint, the health benefit plan under which Plaintiff seeks to recover is an ERISA plan.  *Complaint*, ¶¶ 7, 23, 32, 41.  Based on Defendants' investigation to date, at the relevant time period the Participant was a beneficiary of a self-funded health benefit plan for which BCBSM provides certain claims administration services.

4.     Plaintiff's complaint asserts three causes of action under ERISA against Defendants, to wit: (i) failure to make payments pursuant to an employee welfare benefit plan, contrary to 29 U.S.C. § 1132(a)(1)(B); (ii) breach of fiduciary duty, contrary to 29 U.S.C. §§ 1104-1105; (iii) and failure to establish and maintain reasonable claims procedures, contrary to ERISA regulation 29 C.F.R. § 2560.503-1.  Plaintiff's complaint also asserts a single cause of action for breach of contract.

5.     Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws or treaties of the United States."  ERISA itself further provides that the district

courts of the United States shall have exclusive and/or concurrent jurisdiction over the ERISA causes of action pleaded in the complaint. 29 U.S.C. § 1132(e)(1).

6.      With respect to Plaintiff's single claim for breach of contract, ERISA expressly preempts any state law claim insofar as it may "relate to" an employee welfare benefit plan. 29 U.S.C. § 1144(a). A claim "relates to" an employee welfare benefit plan if it "has a connection with or reference[s] such a plan." *Pilot Life Ins. Co. v. Deleaut*, 481 U.S. 41 (1987). State law breach of contract claims seeking payment for benefits claimed to have been wrongfully withheld or denied under an employee welfare benefit plans are deemed preempted by 29 U.S.C. § 1144 and are deemed to be governed exclusively by ERISA's civil enforcement provisions. 29 U.S.C. §§ 1132. *Id.*

7.      Accordingly, Defendants remove this matter based on federal question jurisdiction, as this Court has original jurisdiction over the entirety of Plaintiff's complaint.

8.      The earliest of the served Defendants was Horizon, who was served with process on January 4, 2017. Removal is therefore timely under 28 U.S.C. §§ 1446(b) because less than thirty days have elapsed since the date of service upon Horizon. *See Delalla v. Hanover Ins. Co.*, 660 F.3d 180 (3d Cir. 2011).

9.      This Court is the proper venue for removal under 28 U.S.C. §§ 1441(a) and 1445(a).

10.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of New Jersey, Law Division, Cumberland County in the form attached hereto as Exhibit B.

11.      In filing this Notice of Removal, Defendants do not waive any defects in venue, personal jurisdiction, or service of process.

12.     Based on the foregoing, Defendants respectfully request that the United States District Court for the District of New Jersey issue such orders and processes as are necessary to preserve its jurisdiction over this matter.

**BECKER LLC**
Attorneys for Defendants

*/s/ Michael E. Holzapfel*
Michael E. Holzapfel

Dated: February 2, 2017

# Exhibit A

## SUMMONS

| | |
|---|---|
| Attorney(s) | Callagy Law, PC |
| Office Address | 650 From Road |
| | Suite 565 |
| Town, State, Zip Code | Paramus, NJ 07652 |
| Telephone Number | (201) 261-1700 |
| Attorney(s) for Plaintiff | Michael Gottlieb, Esq. |

Rahul Shah, M.D. o/a/o Sheila H.

Plaintiff(s)

Vs.

Horizon Blue Cross Blue Shield of New Jersey

Defendant(s)

### Superior Court of New Jersey

| Cumberland | COUNTY |
|---|---|
| LAW | DIVISION |

Docket No:  CUM-L-861-16

## CIVIL ACTION
## SUMMONS

Lockbox DK

RECEIVED

JAN 0 4 2017

Legal Affairs

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

s/ Michelle Smith
Clerk of the Superior Court

DATED:  01/02/2016

Name of Defendant to Be Served:  Horizon Blue Cross Blue Shield of New Jersey

Address of Defendant to Be Served:  3 Penn Plaza East, Newark, NJ 07105

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

```
CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON          NJ 08302
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 453-4330
COURT HOURS  8:30 AM - 4:30 PM


                  DATE:   DECEMBER 20, 2016
                  RE:     SHAH MD VS BLUE CRS BLUE SHLD MICHIGAN ETAL
                  DOCKET: CUM L -000861 16


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.


     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON DARRELL M. FINEMAN


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     102
AT:  (856) 453-4343.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                  ATTENTION:
                             ATT: MICHAEL GOTTLIEB
                             CALLAGY LAW
                             650 FROM ROAD  SUITE 565
                             PARAMUS          NJ 07652


JUHGRI0
```

**Appendix XII-B1**

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT** (CIS) | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
|  | | CHG/CK NO. |
| | Use for initial Law Division | AMOUNT: |
| | Civil Part pleadings (not motions) under *Rule* 4:5-1 | |
| | **Pleading will be rejected for filing, under *Rule* 1:5-6(c),** | OVERPAYMENT: |
| | **if information above the black bar is not completed** | |
| | **or attorney's signature is not affixed** | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Michael Gottlieb, Esq. | TELEPHONE NUMBER (201) 261-1700 | COUNTY OF VENUE Cumberland |
|---|---|---|
| FIRM NAME (if applicable) Callagy Law, PC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS 650 From Road Suite 565 Paramus, NJ 07652 | | DOCUMENT TYPE Complaint |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Rahul Shah, M.D. o/a/o Sheila H. | CAPTION Rahul Shah, M.D. o/a/o Sheila. v. Blue Cross Blue Shield of Michigan, et al. |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing) 599 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes  ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE  ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes  ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES  ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 292 | PELVIC MESH/BARD |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 289 | REGLAN | 601 | ASBESTOS |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 | PROPECIA |
| 291 | PELVIC MESH/GYNECARE | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

CALLAGY LAW, P.C.
Michael Gottlieb, Esq. (Bar No. 07592-2013)
Samuel S. Saltman, Esq. (Bar No. 90240-2012)
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: mgottlieb@callagylaw.com

*Attorneys for Plaintiff, Rahul Shah, M.D. o/a/o Sheila H.*

| | | |
|---|---|---|
| RAHUL SHAH, M.D. on assignment of SHEILA H.,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CUMBERLAND COUNTY<br><br>DOCKET NO.: CUM-L- 861 -16<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff, Rahul Shah, M.D., on assignment of Sheila H. ("Plaintiff"), by way of

Complaint against Defendants, Blue Cross Blue Shield of Michigan and Horizon Blue Cross

Blue Shield of New Jersey, alleges as follows:

<u>**THE PARTIES**</u>

1.    At all relevant times, Plaintiff was a healthcare provider in the County of Union,

State of New Jersey.

2.    Upon information and belief, Blue Cross Blue Shield of Michigan is primarily

engaged in the business of providing and/or administering health care plans ("Plans") or policies

("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

3.      Upon information and belief, Horizon Blue Cross Blue Shield of New Jersey (together with Blue Cross Blue Shield of Michigan, "Defendants") is primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

## ANATOMY OF THE CLAIM

4.      This dispute arises from Defendants' refusal to properly reimburse Plaintiff for the medically necessary and reasonable services provided to Defendants' participant or insured, Sheila H. ("Patient").

5.      On February 3, 2016, Plaintiff provided medically necessary and reasonable services to Patient. See Exhibit A attached hereto.

6.      Specifically, the Patient underwent a lumbar laminecomy and fusion procedure, among other surgical procedures in the lumbar spine. See Exhibit A attached hereto.

7.      Plaintiff obtained an assignment of benefits from Patient in order to bring this claim under the Employee Retirement Income Security Act of 1974, 29 USC §1002, *et seq.* ("ERISA"). See Exhibit B attached hereto

8.      Pursuant to the assignment of benefits, Plaintiff prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement in the amount of $238,310.00 from Defendants for the medically necessary services rendered to Patient. See Exhibit C attached hereto.

9.      Defendants, however, only paid $7106.44, for the above referenced treatment, approximately 3% of Plaintiff's charges.  See Exhibit D attached hereto.

10.     Plaintiff engaged in the applicable administrative appeals process maintained by Defendants.  See Exhibit E attached hereto.

11.     Further, Plaintiff requested, among other items, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor.  See Exhibit E.

12.     To date, Defendants have failed to provide the requested summary plan description.

13.     Upon information and belief, Defendant is the Claims Administrator for the applicable Plan for Patient.

14.     Taking into account any known deductions, copayments and coinsurance, Defendants' reimbursement amounts to an underpayment of $231,203.56.

15.     Accordingly, Plaintiff brings this action for breach of contract, recovery of the outstanding balance, Defendant's breach of fiduciary duty and co-fiduciary duty, and Defendants' failure to establish/maintain a reasonable claims procedure.

## COUNT ONE

### BREACH OF CONTRACT

16.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-15 of this Complaint and incorporates same by reference thereto.

17.     Patient was entitled to payment of health benefits from Defendants pursuant to a health Plan administered by Defendants.

18.     Patient assigned that right to payment of health benefits to Plaintiff.

19.     Plaintiff filed a claim for payment of those health benefits.

20.     Upon information and belief, Defendants have failed to make full payment of the health benefits Patient and Plaintiff are entitled to under the Plan or Policy.

21.     As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a.     For an Order directing Defendants to pay to Plaintiff  $231,203.56;

b.     For an Order directing Defendants to pay to Plaintiff all benefits Plaintiff would be entitled to pursuant the Plan or Policy issued or administered by Defendants;

c.     For compensatory damages and interest;

d.     For attorneys' fees and costs of suit; and

e.     For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29  U.S.C. § 1132(a)(1)(B)

22.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-21 of this Complaint and incorporates same by reference hereto.

23.     Plaintiff avers this Count to the extent ERISA governs this dispute.

24.     Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

25.     Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

26.     Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

27.     Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA Plan and Policy.

28.     Upon information and belief, Defendants have failed to make payment pursuant to the controlling Plan or Policy.

29.     Plaintiff also alleges that Defendants' decision to deny reimbursement was wrongful.

30.     As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.      For an Order directing Defendants to pay to Plaintiff $231,203.56;

b.      For an Order directing Defendants to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendants;

c.      For compensatory damages and interest;

d.      For attorneys' fees and costs of suit; and

e.      For such other and further relief as the Court may deem just and equitable.

## COUNT THREE

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 .S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)

31.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-30 of this Complaint and incorporates same by reference hereto.

32.     29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

33.     Plaintiff seeks redress for Defendants' breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

34.     29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

35.     Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

36.     29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

37.     Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the

administration of his specific responsibilities which give rise to his status as a fiduciary, he has

enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such

other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the

breach. 29 U.S.C. § 1105(a).

     38.    Here, when Defendants acted to deny payment for the medical bills at issue

herein, and when they responded to the administrative appeals initiated by Plaintiff, they were

clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among

other reasons, Defendants acted with discretionary authority or control to deny the payment and

to manage the administration of the employee benefit plan at issue as described above.

     39.    Here, Defendants breached their fiduciary duties by:

1. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

2. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

3. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

4. Wrongfully withholding money belonging to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. For an Order directing Defendants to pay to Plaintiff $231,203.56;

b. For an Order directing Defendants to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendants;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e.       For such other and further relief as the Court may deem just and equitable.

## COUNT FOUR

### FAILURE TO ESTABLISH/MAINTAIN REASONABLE CLAIMS PROCEDURES UNDER 29 C.F.R. 2560.503-1

40.       Plaintiff repeats and re-alleges the allegations of Paragraphs 1-39 of this Complaint and incorporates same by reference hereto.

41.       Plaintiff avers this Count to the extent ERISA governs this dispute.

42.       29 C.F.R. 2560.503-1 requires every employee benefit plan establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

43.       In particular, 29 C.F.R. 2560.503-1 requires that if a claim for benefits is denied in whole or in part, the administrator of every employee benefit plan shall provide written notice of the determination within 90 days after receipt of the claim by the plan.

44.       29 C.F.R. 2560.503-1 further provides that in the event that a claim for benefits is denied, the written notice of the benefit determination must communicate, *inter alia,* **in a manner calculated to be understood by the person claiming benefits:** (1) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

45.       29 C.F.R. 2560.503-1 further provides that every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

46.     In the case at bar, the employee benefit plan from which Plaintiff claimed benefits did not establish and maintain, in its actual operation of the Plan, procedures that ensured that all relevant time limits and appeal procedures were communicated to the person claiming benefits.

47.     As a consequence of Defendants' failure to provide, in a manner calculated to be understood by the person claiming benefits, including Plaintiff as the beneficiary, and written notice of all relevant time limits and appeals procedures of the Plan in connection with its adverse benefit determination rendered to Plaintiff, the Plan has failed to comply with the Claims Procedures requirements of 29 C.F.R. 2560.503-1.

48.     29 C.F.R. 2560.503-1 further provides that in the event an employee benefit plan fails to establish **or** follow claims procedures that comply with that regulation, the person claiming benefits shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of ERISA on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.      For an Order that Defendants have not established and maintained claims procedures that comply with 29 C.F.R. 2560.503-1, and that as a result Plaintiff is deemed to have exhausted all required administrative remedies;

b.      For compensatory damages and interest;

c.      For attorneys' fees and costs of suit; and

d.      For such other and further relief as the Court may deem just and equitable.

## NOTICE TO PRODUCE

Pursuant to R. 4:18-1, Plaintiff hereby demands that Defendants produce the following documentation within fifty (50) days as prescribed by the Rules of Court. Additionally please be advised that the following requests are ongoing and are continuing in nature and Defendants are therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1.      A true and exact copy of any and all Health Insurance Policy, Summary Plan Description, and/or Plan describing the terms and conditions governing the patients who received services rendered by Plaintiff as described in the Complaint filed in this action.

2.      Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by any Defendant entities to the same or similar healthcare provider as Plaintiff.

3.      Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service.

4.      Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service.

5.      The name, address and contact information of any other party of interest, specifically the Plan Administrator, Claims Administrator, Third-Party Administrator and /or additional Insurance Companies.

6.      The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used by Defendants in computing the Usual and Customary Rates or the reimbursement rate for out-of-network providers as defined by the relevant Plan.

7.      Provide copies of any and all algorithm(s), formula(s), procedure(s) or fee schedule(s) used to derive the customary and reasonable reimbursement rate in this matter.

8.      Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the date of service in question or any potential defense to the action in question.

9.      If any Defendant intends to produce the testimony of any expert witnesses at Trial, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided the Defendant by such witnesses.

## TRIAL COUNSEL DESIGNATION

Michael Gottlieb, Esq., is hereby designated as Trial Counsel in the above matter.

## R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

### None.

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential

liability to any party on the basis of the same transactional facts, except as may be set forth below:

**None.**

Dated: Paramus, New Jersey
      December 8, 2016

Respectfully submitted,

CALLAGY LAW, P.C.

By: _____

Michael Gottlieb, Esq.
Mack Cali Centre II
650 From Road – Suite 558
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: mgottlieb@callagylaw.com

# EXHIBIT A

Patient: HENDERSON, SHEILA DOB: 02/02/1959

**This Document is Generated From The NJSHINE HIE. It Contains Secure Health Information and Should be Treated as Confidential.**

**Sending Facility Information**

**Name:** Inspira Medical Center Vineland
**Address:** 1505 West Sherman Ave
Vineland, NJ 08360
**Phone:** 856-641-8000

**Patient Information**



**Document: Operative Report (Dr. RAHUL SHAH)**       **Status: U**

Observation Date Time: 0 /03/2016 19:48:00

Dictating Physici n: SHA , RAHU V

Ordering Physician:

CC Physician: SHA H, RAHUL V

| | |
|---|---|
| SURGEON: | Rahul Shah, MD |
| HOSPITAL #: | 900046514 |
| ACCOUNT #: | 000077371413 |
| DATE OF OPERATION: | 02/03/2016 |

PREOPERATIVE DIAGNOSIS:
Lumbar spinal stenosis, spondylolisthesis.

POSTOPERATIVE DIAGNOSIS:
Lumbar spinal stenosis, spondylolisthesis.

PROCEDURES PERFORMED:
Lumbar laminectomy.
Hemilaminectomy, bilateral, L4-5.
Total laminectomy, bilateral L5.
Hemilaminectomy, bilateral S1.
Lumbar instrumentation, segmental, L4, L5, S1.
Lumbar fusion, posterolateral, posterior interbody, L4-5, L5-S1.
Lumbar autograft, same incision.
Lumbar autograft, separate fascial incision.
Posterior interbody lumbar fusion, L4-5, L5-S1.
Application of allograft.
Aborted application of biomechanical device, L4-5, as well as L5-S1.
Intraoperative fluoroscopy.
Neural monitoring with EMG and SSEPs.

SURGEON:
Rahul Shah, MD

ASSISTANTS:
Christian Brenner, PA-C
Jason Mora, DO
No qualified resident was available for the entirety of the procedure because of scheduling issues.

ANESTHESIA:
General endotracheal.

ESTIMATED BLOOD LOSS:
325 mL.

DRAINS:
One JP to self suction.

SPECIMENS:
None.

COMPLICATIONS:
None.

INTRAOPERATIVE FINDINGS:
Stenosis.

IMPLANTS USED:
Medtronic Solera screws.

INDICATION FOR PROCEDURE:
The patient is a 57-year-old female with incapacitating back and leg pain
with signs and symptoms consistent with stenosis and spondylolisthesis.
The patient was inadequately responsive to symptomatic nonoperative
treatment including pain medication, steroid medication and activity
modification.  Offending pathology was demonstrated on preoperative
imaging.  Documented instability was noted with standing radiographs.
Risks, benefits, and alternatives were rediscussed with the patient prior
to surgery and the patient elected to proceed.  No guarantees were given.

OPERATIVE PROCEDURE:  The patient was brought to the operating room and
placed in a supine position.  After adequate general endotracheal
anesthesia was established, the patient was transferred onto the Jackson
operating room table.  Care was taken to insure that all bony prominences
were padded and the sternal notch was free, arms were abducted less than 90
degrees and forward flexed less than 90 degrees and the ulnar nerve was
well padded, knees were free floating and legs had sequential compression
devices placed.  Using biplanar fluoroscopy, affected levels were
identified.  A timeout was declared and everybody in the room was in
agreement about the operative procedure being performed and preoperative
antibiotics were confirmed.

The patient was prepped and draped in a standard sterile fashion.  After
preinfiltrating with lidocaine and 1:200,000 epinephrine, a 4 inch incision
was made through the skin and subcutaneous tissues, thoracodorsal tissue
was divided, spinous process of L4 to S1 was exposed, care was taken to
preserve the interspinous ligament.  Subperiosteal dissection was carried
out over the facet joints and on to the tips of the transverse processes at
L4, L5 and S1.  Care was taken not to disrupt the facet joints.  A Penfield
IV was then placed at the level of the L4 pedicle in order to confirm
levels with fluoroscopy.  Once appropriate levels were confirmed,
subperiosteal dissection was reinspected and hemostasis was achieved.

Visual tactile anatomic approach to pedicle screw placement was used at L4,
L5 and S1.  Cortical bone at the junction of the pars interarticularis,
midpoint of the transverse process and inferior aspect of the superior
articular process was decorticated with the high speed drill.  Then using a
straight gearshift the pedicle was navigated using fluoroscopy, a feeler
probe was used to confirm that the walls of the pedicle were not violated
medially or inferiorly.  A guide pin was then placed confirming the floors
of the vertebral body.  A tap was advanced over the guide pin to create a
channel for the pedicle screw.  The feeler probe was once again used to
confirm that the medial and inferior walls of the pedicle were not
violated.  Appropriate-size screws were then placed.  This was carried out
at each pedicle deemed appropriate to accept a pedicle screw.  Pedicle
screws were then all stimulated and all pedicle screws stimulated above 10
mV.

Attention was then turned to the left posterior-superior iliac spine.  A
plane between semispinalis and longissimus was developed and
posterior-superior iliac spine was accessed through a separate fascial
incision.  Using a Jamshidi needle, iliac crest bone graft was harvested as
well as bone marrow aspirate.  The fascia was repaired and attention was
turned to the midline incision.

Lamina between pedicle screw placements was then thinned down using a double-action Leksell rongeur. Attention was turned to areas of stenosis based on preoperative imaging. Using straight and angled microcurettes, the plane between ligamentum flavum and epidural space was developed. Using a series of 2 and 3 mm Kerrison rongeurs, lamina and ligamentum flavum was resected and the Murphy ball probe was used to insure that adequate central subarticular and foraminal decompression was carried out bilaterally at L4, L5 and S1.

Attention was then turned to the right L5-S1 interspace. A complete facetectomy was performed, disk space was confirmed with the Penfield IV. After the absence of heme and CSF, thecal sac was protected along with the exiting nerve root. Epidural venous plexus was controlled with Gelfoam pledgets, as well as bipolar set to 10 millivolts. Complete dissection was performed using fluoroscopic guidance, disk space shavers and micro pituitary rongeurs. EMG activity was monitored. Endplates were then prepared using endplate curettes. The disk space was noted to be too shallow to accept a biomechanical device and therefore this was aborted. Iliac crest bone graft, allograft and autograft were packed into the disk space to complete the posterior interbody fusion. A similar procedure was carried out at L4-5 and again this area was also noted to be inadequate to accept biomechanical device and therefore this was aborted.

Rods were then inserted into pedicle screws along with set screws and deformity correction was carried out. Set screws were torqued to manufacturer's specifications. Hemostasis was confirmed.

The wound was then irrigated with Betadine and normal saline solution diluted 35 mL of Betadine to 1000 mL of normal saline for 3 minutes. Three liters of pulsed lavage was then carried out with Bacitracin-laden normal saline.

Transverse processes at L4, L5 and the sacral ala were decorticated with the high speed bur. Also, facet joints were decorticated along with posterior elements including residual lamina, as well as pars interarticularis. Local bone allograft, autograft and iliac crest bone graft were delivered into posterior exposed lamina, facet joints and lateral gutters and transverse processes.

A stab wound incision was made and a 7 mm flat JP drain was delivered and sewn in place with 3-0 nylon stitch.

The wound was then closed in layers with 0 Vicryl for the thoracodorsal layer, 2-0 Vicryl for the subcu layer and 3-0 Biosyn for the skin followed by Indermil and Steri-Strips. All needle and sponge counts were correct.

The postoperative plan for the patient will be for sequential compression devices, antibiotics and progressive mobilization with weightbearing as tolerated.


RS/mdi
Dictated:   02/03/2016 3:53 P
*PRELIMINARY REPORT**PRELIMINARY REPORT**PRELIMINARY REPORT*
Transcribed: 02/03/2016  7:48 P                    Rahul Shah, MD

cc:  Rahul Shah, MD

# EXHIBIT B

Premier Orthopaedic Associates of Southern New Jersey
PO Box 2749
Vineland, NJ 08362

Thomas A Dwyer, M.D.
Rahul V. Shah, M.D.
Christian Brenner, PA-C
PO Box 2430
Vineland, NJ 08362

## ASSIGNMENT OF BENEFITS
### &
### LTD. POWER OF ATTORNEY
### &
### MEDICAL RECORDS AUTHORIZATION

I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me, including but not limited to, all of my rights under "ERISA" applicable to the medical services at issue. I specifically assign to you all of my rights and claims with regard to the employee health benefits at issue (including claims for the assessment of penalties and for attorneys' fees) arising under ERISA or other federal or state law.

I acknowledge that you have not agreed to waive any applicable co-pay and deductibles. If I cannot afford to pay co-pay and deductible amounts, treatment will not be denied and specific arrangement will be made between us.

I authorize you to file insurance claims on my behalf for services rendered to me and this specifically includes filing arbitration/litigation in your name on my behalf against the PIP carrier/health care carrier. I irrevocably authorize you to retain an attorney of your choice on my behalf for collection of your bills. I direct that all reimbursable medical payments go directly to you, my medical provider. I authorize and consent to your acting on my behalf in this regard and in regard to my general health insurance coverage. I specifically authorize you to pursue any administrative appeals conducted pursuant to "ERISA" or other plan guidelines.

I do not believe my employee or private health benefits plan would prohibit this assignment, but should same be the case, or should my assignment be challenged or deemed invalid, I execute this limited/special power of attorney and hereby appoint and authorize your collection attorney as my agent and attorney-in-fact to collect payment for your medical services directly against the carrier in this case, in my name, including filing an arbitration demand or lawsuit. I specifically authorize that attorney to file directly against that carrier in my name, or in your name, as a medical provider rendering services to me and designate your collection attorney as my attorney in fact. I further grant limited power of attorney to you as my medical provider to receive and collect directly from the insurance carrier money due you for services rendered to me in this matter and hereby instruct the insurance carrier to pay you directly any monies due you for medical services you rendered to me. I authorize you and or your attorney to receive from my insurer, immediately upon verbal request, all information regarding last payment made by said insurer on my claim, including date of payment and balance of benefits remaining.

I authorize you and or your attorney to obtain medical information regarding my physical condition from any other health care provider, including hospitals, diagnostic centers, etc., and I specifically authorize such health care provider(s) to release all such information to you about me, including medical reports, X-ray reports, narrative reports, and any other report or information regarding my physical condition.

Dated: 1-20 16

# EXHIBIT C



Type: Refile
User: ytorres

BLUE CROSS BLUE SHIELD OF MICHIGAN
600 E LAFAYETTE BLVD
DETROIT, MI 48226

CARRIER

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

| PICA | | | | | | | | PICA |
|---|---|---|---|---|---|---|---|---|
| 1. MEDICARE | MEDICAID | TRICARE | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER | (For Program in Item 1) |

b. RESERVED FOR NUCC USE | b. AUTO ACCIDENT | PLACE (State) | b. OTHER CLAIM ID (Designated by NUCC)
YES ☐ NO ☒

c. RESERVED FOR NUCC USE | c. OTHER ACCIDENT? | YES ☐ NO ☒ | c. INSURANCE PLAN NAME OR PROGRAM NAME

**KELLOGG'S COMPANY**

d. INSURANCE PLAN NAME OR PROGRAM NAME | 10d. CLAIM CODES (Designated by NUCC) | d. IS THERE ANOTHER HEALTH BENEFIT PLAN?

**BLUE CROSS BLUE SHIELD OF MICHIGAN**

YES ☐ NO ☒   If yes, complete items 9, 9a and 9d.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED **SIGNATURE ON FILE**   DATE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED **SIGNATURE ON FILE**

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP) | 15. OTHER DATE | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
QUAL. | QUAL. | FROM   TO

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
17a. | 17b. NPI | FROM 02 03 2016   TO

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC) | 20. OUTSIDE LAB? YES ☐ NO ☒   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. Relate A-L to service line below (24E) | ICD Ind. 0 | 22. RESUBMISSION CODE   ORIGINAL REF. NO.

A. M4807   B. M5430   C. M4310   D.
E. F. G. H.
I. J. K. L.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From — To | | | | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID QUAL | J. RENDERING PROVIDER ID # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MM DD YY | MM DD YY | | | | | | | | | | | | |
| 1 | 02 03 2016 | 02 03 2016 | 21 | | 22633 | | abc | 46042 00 | 1 | | NPI | 1235242934 |
| 2 | 02 03 2016 | 02 03 2016 | 21 | | 22634 | | abc | 12418 00 | 1 | | NPI | 1235242934 |
| 3 | 02 03 2016 | 02 03 2016 | 21 | | 63030 | 50 | abc | 88000 00 | 1 | | NPI | 1235242934 |
| 4 | 02 03 2016 | 02 03 2016 | 21 | | 63047 | 59 | abc | 37481 00 | 1 | | NPI | 1235242934 |
| 5 | 02 03 2016 | 02 03 2016 | 21 | | 22851 | 53 | abc | 12480 00 | 1 | | NPI | 1235242934 |
| 6 | 02 03 2016 | 02 03 2016 | 21 | | 22851 | 53 | abc | 12480 00 | 1 | | NPI | 1235242934 |

25. FEDERAL TAX I.D. NUMBER   SSN EIN ☒ | 26. PATIENT'S ACCOUNT NO. 7733-22542 | 27. ACCEPT ASSIGNMENT? YES ☒ NO ☐ | 28. TOTAL CHARGE 208901 00 | 29. AMOUNT PAID 0 00 | 30. Rsvd for NUCC Use 208901 00

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
AUTOMATED SIGNATURE
RAHUL SHAH M.D.
SIGNED 03/17/2016

32. SERVICE FACILITY LOCATION INFORMATION
RMC INPATIENT
1051 WEST SHERMAN AVE
VINELAND, NJ 08360
a. 1164487542   b.

33. BILLING PROVIDER INFO & PH # ( 855 ) 7771056
RAHUL SHAH M.D.
PO BOX 2430
VINELAND, NJ 08362
a. 1235242934   b.

NUCC Instruction Manual available at: www.nucc.org   PLEASE PRINT OR TYPE   APPROVED OMB 0938-1197 FORM 1500 (02-12)

**Type:** Refile
**User:** ytorres

BLUE CROSS BLUE SHIELD OF MICHIGAN
600 E LAFAYETTE BLVD
DETROIT, MI 48226

## HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

| | PICA | | | | | | | PICA |
|---|---|---|---|---|---|---|---|---|

1. MEDICARE (Medicare #)  MEDICAID (Medicaid #)  TRICARE (ID#/DoD#)  CHAMPVA (Member ID#)  GROUP HEALTH PLAN (ID#)  FECA BLK LUNG (ID#)  OTHER [X] (ID#)

1a. INSURED'S I.D. NUMBER (For Program in Item 1): **KLG922812631**

c. RESERVED FOR NUCC USE

c. OTHER ACCIDENT? [ ] YES [X] NO  PLACE (State)

KELLOGG'S COMPANY

11c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. CLAIM CODES (Designated by NUCC)

BLUE CROSS BLUE SHIELD OF MICHIGAN

d. IS THERE ANOTHER HEALTH BENEFIT PLAN? [ ] YES [X] NO  *If yes, complete items 9, 9a and 9d.*

### READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED **SIGNATURE ON FILE**   DATE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED **SIGNATURE ON FILE**

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)   15. OTHER DATE   QUAL. MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION   FROM  TO

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE   17a.   17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES   FROM **02 - 03 - 2016**  TO

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)

20. OUTSIDE LAB? [ ] YES [X] NO   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. Relate A-L to service line below (24E)   ICD Ind. **0**

A. **M4807**   B. **M5430**   C. **LM4310**   D.
E.   F.   G.   H.
I.   J.   K.   L.

22. RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Fam Plan | I. ID QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 02 03 2016 | 02 03 2016 | 21 | | 22842 | | abc | 22465 00 | 1 | | NPI | 1235242934 |
| 2 | 02 03 2016 | 02 03 2016 | 21 | | 20930 | | abc | 1840 00 | 1 | | NPI | 1235242934 |
| 3 | 02 03 2016 | 02 03 2016 | 21 | | 20936 | | abc | 2597 00 | 1 | | NPI | 1235242934 |
| 4 | 02 03 2016 | 02 03 2016 | 21 | | 20937 | | abc | 2173 00 | 1 | | NPI | 1235242934 |
| 5 | 02 03 2016 | 02 03 2016 | 21 | | 77003 | 26 | abc | 334 00 | 1 | | NPI | 1235242934 |
| 6 | | | | | | | | | | | NPI | |

25. FEDERAL TAX I.D. NUMBER  SSN [ ] EIN [X]

26. PATIENT'S ACCOUNT NO. **7733-22542**

27. ACCEPT ASSIGNMENT? (For govt. claims, see back) [X] YES [ ] NO

28. TOTAL CHARGE $ **29409 00**

29. AMOUNT PAID $ **0 00**

30. Rsvd for NUCC Use **29409 00**

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)

**AUTOMATED SIGNATURE**
**RAHUL SHAH M.D.**

SIGNED **03/17/2016**

32. SERVICE FACILITY LOCATION INFORMATION

RMC INPATIENT
1051 WEST SHERMAN AVE
VINELAND, NJ 08360

**1164487542**

33. BILLING PROVIDER INFO & PH #  ( 855 ) 7771056

RAHUL SHAH M.D.
PO BOX 2430
VINELAND, NJ 08362

**1235242934**

NUCC Instruction Manual available at: www.nucc.org   PLEASE PRINT OR TYPE   APPROVED OMB 0938-1197 FORM 1500 (02-12)

# EXHIBIT D

## Claim Status Details



### Patient Information

### Subscriber Information

| | |
|---|---|
| Subscriber Name: | Data not available from health plan |
| Subscriber ID: | KLG922812631 |

### Provider Information

| | | | |
|---|---|---|---|
| Billing Provider Name: | SHAH RAHUL | Billing Provider Number: | 1578091280 |
| | | Billing Provider NPI: | 1235242934 |

### Claim Information

| | | | |
|---|---|---|---|
| Claim Status: | FINALIZED | Service Date Range: | 02/03/2016 - 02/03/2016 |
| Total Claim Amount: | $238,310.00 | Bill Type: | 211 |
| Payee Name: | | Estimated Payment Date: | 02/24/2016 |
| Payment Amount: | $6,395.80 | | |
| Claim Received Date: | 02/24/2016 | | |
| Check/EFT Effective Date: | 02/29/2016 | | |
| ITS Trace Number: | 78020160553571300 | | |
| Image Number: | DI16055505307 | | |

### Service Line Detail

| ID | Service Date Range | Procedure Code | Modifiers | Units | Status Code | Place of Service | Service Type | Message Code | Coinsurance Amount | Copay Amount | Deductible Amount | Charge Amount | Not Covered Amount | Paid Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 02/03/2016 - 02/03/2016 | 63030 | 50 | 1 | FINALIZED | 1 | 2 | Q910 | $0.00 | $0.00 | $0.00 | $88,000.00 | $0.00 | $0.00 |
| 100 | 02/03/2016 - 02/03/2016 | 20930 | | 1 | FINALIZED | 1 | 2 | Q910 | $0.00 | $0.00 | $0.00 | $1,840.00 | $0.00 | $0.00 |
| 110 | 02/03/2016 - 02/03/2016 | 77003 | 26 | 1 | FINALIZED | 1 | P | Q910 | $0.00 | $0.00 | $0.00 | $334.00 | $0.00 | $0.00 |
| 20 | 02/03/2016 - 02/03/2016 | 22633 | | 1 | FINALIZED | 1 | 2 | I910 | $310.51 | $0.00 | $0.00 | $46,042.00 | $0.00 | $2,794.57 |
| 30 | 02/03/2016 - 02/03/2016 | 63047 | 59 | 1 | FINALIZED | 1 | 2 | U709 | $92.71 | $0.00 | $0.00 | $37,481.00 | $0.00 | $834.43 |
| 40 | 02/03/2016 - 02/03/2016 | 22842 | | 1 | FINALIZED | 1 | 2 | I910 | $127.89 | $0.00 | $0.00 | $22,465.00 | $0.00 | $1,150.97 |
| 50 | 02/03/2016 - 02/03/2016 | 22851 | 53 | 1 | FINALIZED | 1 | 2 | I910 | $68.30 | $0.00 | $0.00 | $12,480.00 | $0.00 | $614.73 |
| 60 | 02/03/2016 - 02/03/2016 | 22851 | 53 | 1 | FINALIZED | 1 | 2 | Q910 | $0.00 | $0.00 | $0.00 | $12,480.00 | $0.00 | $0.00 |
| 70 | 02/03/2016 - 02/03/2016 | 22634 | | 1 | FINALIZED | 1 | 2 | I910 | $83.24 | $0.00 | $0.00 | $12,418.00 | $0.00 | $749.19 |
| 80 | 02/03/2016 - 02/03/2016 | 20936 | | 1 | FINALIZED | 1 | 2 | Q910 | $0.00 | $0.00 | $0.00 | $2,597.00 | $0.00 | $0.00 |
| 90 | 02/03/2016 - 02/03/2016 | 20937 | | 1 | FINALIZED | 1 | 2 | I910 | $27.99 | $0.00 | $0.00 | $2,173.00 | $0.00 | $251.91 |

### Service Code Definitions

| Code Category | Code | Definition |
|---|---|---|
| Message Code | Q910 | DUPLICATE CLAIM PREVIOUSLY PROCESSED. (Q910) |
| Message Code | I910 | DUPLICATE CLAIM PREVIOUSLY PROCESSED (I910) |
| Message Code | U709 | PAYMENT FOR THIS PROCEDURE IS REDUCED BECAUSE MULTIPLE RELATED PROCEDURES WERE PROVIDED ON THE SAME DAY. (U709) |
| Place of Service | 1 | HOSPITAL, INPATIENT |
| Procedure Code | 63030 | LOW BACK DISK SURGERY |
| Procedure Code | 20930 | SPINAL BONE ALLOGRAFT |
| Procedure Code | 77003 | FLUOROGUIDE FOR SPINE INJECT |
| Procedure Code | 22633 | DESCRIPTION NOT ON FILE |
| Procedure Code | 63047 | REMOVAL OF SPINAL LAMINA |

Claim Status Details

| | | |
|---|---|---|
| Procedure Code | 22842 | INSERT SPINE FIXATION DEVICE |
| Procedure Code | 22851 | APPLY SPINE PROSTH DEVICE |
| Procedure Code | 22634 | DESCRIPTION NOT ON FILE |
| Procedure Code | 20936 | SPINAL BONE AUTOGRAFT |
| Procedure Code | 20937 | SPINAL BONE AUTOGRAFT |
| Service Type | 2 | SURGERY |
| Service Type | P | PROFESSIONAL COMPONENT |

**Claim Code Definitions**

| Code Category | Code | Definition |
|---|---|---|
| Bill Type | 211 | SNF, I/P, ADMIT - DISCHARGE |

**Disclaimer**

*Claims are based upon the most accurate data available at the time of request and are not a guarantee of payment by the Member's Benefit Plan.*

# EXHIBIT E

October 14, 2016



**CALLAGY LAW**
Courageous·Compassionate·Committed

Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, New Jersey 07652
Email: info@callagylaw.com
Web: callagylaw.com
Office: 201.261.1700
Fax:    201.261.1775

Sean R. Callagy+*

Partner
Michael J. Smikun+*
Benjamin D. Light+
David L. Aromando+*
Brian P. McCann+*
Christopher R. Cavalli+

JoAnne Baio LaGreca+*
Jennifer Chapla+*^
Thomas LaGreca*
James Greenspan+*
Tamara E. Kotsev+
Lynne Goldman+*
Christopher R. Miller+
Samuel S. Saltman+
Michael Gottlieb+*
Alethia Scipione#
Robert J. Solomon+*
Casey L. Wertheim+
Robert B. Kress+

+Member of the New Jersey Bar
*Member of the New York Bar
^Member of the Connecticut Bar
#Member of the Arizona Bar

New York Office:
1133 Broadway
Suite 708
New York, NY 10010
(Reply to NJ Office)

Arizona Office:
668 North 44th St
Suite 300
Phoenix, AZ 85008
Office: 602.687.5844

**Via Certified RRR Mail**
BCBS of Michigan
600 E. Lafayette Blvd
Detroit, Michigan 48226-2998

     RE:    Provider: Shah, Rahul M.D., FAAOS
            Date of Service: 2016-02-03
     Patient: ▮▮▮▮▮▮▮▮▮▮
     Claim #: 28160550133700

Dear Appeal Department Representative,

    We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.

    Kindly be advised that this firm, and more specifically the undersigned, represents Shah, Rahul M.D., FAAOS in the above-referenced matter.  Kindly accept this **SECOND NOTICE OF APPEAL**.
**We represent the provider named above who has obtained an assignment of benefits from the patient named above as such this firm is the patient's authorized representative for purposes of the appeal requested below.**

    Attached hereto, please find the following documents that Shah, Rahul M.D., FAAOS is relying upon in support of this appeal:

    1.  Health Insurance Claim Form ("HICF") for ▮▮▮▮▮▮▮▮
    2.  Operative Report and relevant records for ▮▮▮▮▮▮ and

    The Health Insurance Claim Forms ("HICF") submitted by the provider to the claim payer and the Explanations of Benefits ("EOB") that that claim payer sends to the provider set forth the amounts billed and amounts paid in this case.  The HICF is a single-sided, one page document which lists all of the medical services performed on a particular date or dates of service.  The amount billed is seen side-by-side with the procedure or service that supports the charge.  The EOB again provides the amount billed for procedure or service performed on a particular date of services.  Additionally, the EOB provides the amount paid and, where applicable, codes that correspond to reasons for a disparity in the amount billed and the amount paid.   Thus, these two documents are necessarily the starting point for establishing the particular provider's UCR rate in a particular case.

    The Court in <u>Cobo by Hudson Physical Therapy Services v. Market Transition Facility</u>, 293 N.J. Super. 374 (App. Div. 1996), found that it was necessary to look to a "[providers] billing history, and the disparity in the

fees charged to different insurance carriers." Id. at 387.  Here, the most effective and meaningful way to determine Shah, Rahul M.D., FAAOS's rates is by looking at the amounts billed and the amounts paid by that particular medical provider.  The amount billed is critical as it establishes a pattern demonstrating the usual fees billed by the provider.  The amount paid is equally important as it establishes that a claim payer has reviewed the bill and determined that the services provided were medically necessary and reasonable.

On behalf of Shah, Rahul M.D., FAAOS, we have previously requested that you provide documentation you believe supports your different determination of Usual and Customary Rates.  Specifically, we requested that you provide the following documentation at the time of our First Appeal:

- The name, address and contact information of any other party of interest including but not limited to the Plan Administrator and named or un-named fiduciaries, Claims Administrator, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;
- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of legal process); Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Complete Explanation of Benefits, or Adverse Benefit Determination;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

To the extent this information has not been previously requested, we are hereby requesting it today.  This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures.  See 29 C.F.R. 2560.503-1.  **The Plan is required to provide this requested documentation upon request and free of charge.**

This requested information is critical for us to analyze whether your determinations violate the Plan's fiduciary obligation to make benefit determinations in the interests of the Plan's beneficiaries. To date, you have not provided this documentation. As you are aware, the law requires you to provide this documentation based upon our previous request, and provides penalties to the Plan Administrator for failure to comply with this request. **If you do not turn over all of these requested documents, we will seek to enforce the applicable penalty provisions in a Court of competent jurisdiction. Furthermore, if you continue to refuse to disclose the basis and methodology of the Plan's benefit determination in this case, we will argue that your unsupported benefit determination is arbitrary and capricious, and/or that it violates the Plan's fiduciary duty in the making of benefit determinations. If your refusal to provide this documentation leads to us filing a lawsuit, we will seek reimbursement of costs and fees, including reasonable attorney's fees as allowed by Section 502(g) of ERISA, in such action.**

For the foregoing reasons, Shah, Rahul M.D., FAAOS respectfully requests that your initial adverse claim determination be modified and additional payment be issued without delay.

Very truly yours,
CALLAGY LAW, PC

Michael Gottlieb, Esq.

Encl.
MG/jc

# STRATEGIC PRACTICE SOLUTIONS
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205  *  F (201) 549-6330

### REQUEST FOR INTERNAL APPEAL/SECOND LOOK FROM DENIAL, REDUCTION, AND/OR NON-PAYMENT

**March 17, 2016**

**Bluecard**
**PO Box 1301**
**Neptune, NJ 07754**

**Patient:** ▮▮▮▮▮▮▮▮▮▮
**Member ID: KLG922812631**
**Provider Tax ID: 157809128**
**Date of service: 02/03/2015**

Dear Appeals Representative,

Regarding the above captioned matter, kindly accept this letter as our formal request for internal appeal/second look. Please re-review all records, reports and documentation we have previously supplied in our prior notices, pre-certification requests, appeals and billing.

We hereby appeal any and all denials, reductions, and non-payments of services. All the services requested and/or provided are medically necessary. All fees billed are our usual, customary and reasonable and are based on the Optum Health (Formerly Ingenix) Fee Analyzer. At this reasonable rate all fees should be paid at 100% of billed charges to avoid charging your member the remainder. Any charges eligible for a 50% reduction should be paid at 50% of our billed charge.

Attached you will find an EOB showing charges for services rendered on 2/3/16 where amount allowed was $590.11 and applied to deductible. Please note, Dr. Rahul Shah is a non participating provider with any insurance plan and should be paid at full usual and customary charges. Amount allowed is below usual and customary rates for our area. Please issue additional payment to avoid balance being patient's responsibility. Per call made to homeplan on 1/29/16, we were told that they pay at usual and customary rates. Their reference is Tanga N. 1/29/16, 3:05pm.

As stated above our fees are usual and customary based on *Optum* and are expected to be paid at 100% of billed charges. Any balance not covered by the insurance company will be billed to the member with a 1.5% monthly interest.

In furtherance of its request for benefits on behalf of ▮▮▮▮▮▮▮▮ Dr. Rahul Shah **FORMALLY REQUESTS** that you provide the following documents immediately:

- The name, address and contact information of any other party of interest, including but not limited to the Plan Administrator, Claims Administrator, any named or un-named

**STRATEGIC PRACTICE SOLUTIONS**
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205  *  F (201) 549-6330

fiduciaries, Third-Party Administrator, additional Insurance Companies involved in the claims process, and any other entities involved in the claims process;

- A true and exact copy of the applicable Health Insurance Policy, Summary Plan Description, and Plan for the time period at issue;
- The Plan Name, Plan Sponsor (including its name and address for service of Complaint);
- Plan Claim Appeal Procedure, including all deadlines for filing appeals;
- Explanation of Benefits, or Adverse Benefit Determination, legal process;
- The specific reason(s) for your denial of the full amount of the claim submitted;
- Reference to the specific Plan provisions on which your determination was based;
- A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
- The methodology by which you computed the Usual and Customary Rate, including copies of all specific rules, guidelines, protocols, or other similar criteria on which you relied in making this benefit determination;
- If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service;
- Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service;
- The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used in computing the Usual and Customary Rate, and copies of all such documents;
- Provide copies of any and all algorithm, formula, procedure or fee schedule used to derive the customary and reasonable reimbursement rate in this matter;
- Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the computation of reimbursement for the date of service in question.

This request for documents is pursuant to United States Department of Labor regulations requiring Plans to make disclosure of its claims procedures. See 29 C.F.R. 2560.503-1. **The Plan is required to provide this requested documentation upon request and free of charge.**

This request also comports with U.S. Department of Labor regulations that provide, "[a] Plan's claims procedures may not preclude an authorized representative (including a health care provider) from acting on behalf of a Claimant..." As the authorized representative of Dr. Rahul Shah, the Plan is required by law to provide this documentation to us forthwith.

**STRATEGIC PRACTICE SOLUTIONS**
650 From Rd Suite 405
Paramus, NJ 07652
W (855) 777-1056 X205  *  F (201) 549-6330

Kindly note, an enrollee/beneficiary may file suit against a Plan Administrator who fails to comply with the enrollee's/beneficiary's request for documentation purporting to support the Plan's benefit determinations.  Section 502(a)(1)(A) of ERISA and its implementing regulations require the Plan Administrator to provide these documents upon request to the enrollee/beneficiary no more than thirty (30) days after such request has been made.  The Plan Administrator may be held liable for up to $110.00 per day for each day he/she fails to provide this required disclosure of documentation to the enrollee/beneficiary.  **As set forth above, this is a formal request for disclosure of documents pursuant to Department of Labor regulations, for the purpose of enabling us to evaluate whether the Plan has properly exercised its discretion in its benefit determination.**

If this appeal requires additional documentation pursuant to ███████████ plan or policy, kindly advise the undersigned via letter or facsimile.

Should you have any questions, feel free to contact me.

I look forward to your prompt attention to this matter.

Sincerely,


Yesenia Torres
Billing Dept. Representative on behalf of Dr. Rahul Shah



**BLUECARD CLAIMS APPEAL FORM**

Submit to: BlueCard Claim Appeals
Horizon Blue Cross Blue Shield of NJ
P.O. Box 1301
Neptune, NJ 07754-1301

PROVIDER NUMBER
1 5 7 8 0 9 1 2 8

MEMBER ID NUMBER (PLEASE INCLUDE THE 3 LETTER ALPHA PREFIX)
K L G 9 2 2 8 1 2 6 3 1

CLAIM NUMBER
7 8 0 2 0 1 6 0 5 5 3 5 7 1 3 0 0

REASON FOR APPEAL          ALLOWANCE      BENEFIT DENIAL      CLAIM PAYMENT      MEDICAL NECESSITY
(CHECK ONE AS APPLICABLE)

OTHER

Office/Facility Name:  RAHUL SHAH, MD

Office/Facility Address:  PO BOX 2430 VINELAND, NJ 08360

Business Office Representative: _____

Telephone Number: 855-777-1056                     Date of Request:  3 / 17 / 16

Subscriber's Name: ███████████████████

Patient's Name: ██████████████████████████████

                                                    LAST

Patient's Date of Birth ██████████  Patient's Account Number: 8661

First Date of Service:  2 / 3 /16   Last Date of Service:  2 / 3 / 16

Details of Request: Claim payment of $6,395.80 is below usual and customary for our area.

__Please issue additional payment to avoid balance billing the patient.__

_____

_____

_____

_____

_____

_____

**Please submit all applicable documents to support the appeal:**
- The relevant CMS 1500(s) or UB04(s)
- The relevant Explanation(s) of Benefits or Remittance Advice
- Information previously requested that you have not yet submitted, if available
- Pertinent correspondence related to this matter
- A description of pertinent communications on this matter that was not in writing
- Relevant sections of the National Correct Coding Initiative (CCI) or other coding support you relied upon IF the appeal concerns the disposition of billing codes
- Other documents you may believe support your position in this appeal including Medical Records/Notes

*** *If you are submitting this appeal on behalf of the member please include the appropriate authorization form* ***

                                                              3/17/16

Signature: _____              Date: _____

5373 (W0110)                                    An Independent Licensee of the Blue Cross and Blue Shield Association.

# Exhibit B

**BECKER LLC**
Michael E. Holzapfel, Esq. (031022002)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 251-8943
Attorneys for Defendants

---

|   |   |   |
|---|---|---|
| RAHUL SHAH, M.D., on assignment of Sheila H. | : | SUPERIOR COURT OF NEW JERSEY |
|   | : | LAW DIVISION: CUMERLAND COUNTY |
|   | : | DOCKET NO.: CUM-L-861-16 |
| Plaintiff, | : |   |
|   | : | Civil Action |
| v. | : |   |
|   | : |   |
| BLUE CROSS BLUE SHIELD OF MICHIGAN and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | : | **NOTICE OF FILING OF NOTICE OF** |
|   | : | **REMOVAL** |
|   | : |   |
| Defendants. | : |   |

---

To:      **Cumberland County Superior Court**
         **Civil Division**
         **60 W. Broad Street**
         **Bridgeton, New Jersey 08302**

         **Michael Gottlieb, Esq.**
         **Callagy Law PC**
         **650 From Road, Suite 565**
         **Paramus, New Jersey 07652**

     **PLEASE TAKE NOTICE** that Defendants have this day filed a Notice of Removal of this matter, a copy of which is attached hereto as <u>Exhibit A</u> and made a part hereof, in the Office of the Clerk of the United States District Court for the District of New Jersey, Camden, New Jersey.

     **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d) the above action in its entirety has been removed to the United States District Court, District of New Jersey

and the Superior Court of New Jersey shall proceed no further unless and until the action is remanded.

BECKER LLC
Attorneys for Defendants

By: _____

MICHAEL E. HOLZAPFEL

Dated:  February 2, 2017

2